284 F.2d 296
 PHILADELPHIA MANUFACTURERS MUTUAL INSURANCE COMPANY (formerly Philadelphia Manufacturers Mutual Fire Insurance Company), Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 13325.
 United States Court of Appeals Third Circuit.
 Argued October 17, 1960.
 Decided November 18, 1960.
 
 Harry L. Brown, Washington, D. C. (Alvord & Alvord, Washington, D. C., Ambrose B. Kelly, Providence, R. I., on the brief), for petitioner.
 Melva M. Graney, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner is engaged in the mutual fire insurance business. It seeks to have its tax computed under Section 204 of the Internal Revenue Code of 1939, 26 U.S. C.A. § 204 (the counterpart of Section 831 of the 1954 Code, 26 U.S.C.A. § 831). The Tax Court upheld the Commissioner's decision that it should be taxed under Section 207 of the 1939 Code, 26 U.S. C.A. § 207 (the counterpart of Section 821 of the 1954 Code, 26 U.S.C.A. § 821).
 
 
 2
 Judge Mulroney in his Tax Court opinion has said everything there is to be said about this case and has said it very well. He reviews the history of mutual fire insurance companies with reference to taxation; shows how the 1942 revision of Section 207 had resulted most inequitably when applied to mutual companies issuing perpetual policies which pay losses out of investment income; makes it very clear that the 1943 amendment to Section 204 was designed to relieve such organizations from those inequities with its language limiting taxability under it to mutual fire insurance companies issuing perpetual policies or "policies that might be different in name but of the same type * * *"; demonstrates that the legislative history of the 1943 amendment of 204 completely supports this view; points out that factually to apply Section 204 to petitioner's kind of mutual insurance company, which issues short term policies and primarily pays losses out of premium payments, would be directly contrary to both the provisions of Section 204 and its purpose.
 
 
 3
 The decision of the Tax Court will be affirmed.